IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY TOLBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> PINCKNEYVILLE CORRECTIONAL ) <br> CENTER, ) <br> ) <br> Defendants. ) <br> ) | Case No. 21-cv-319-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy Tolbert, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Tolbert alleges he was attacked by three inmates and had his front teeth knocked out. He asserts that Pinckneyville failed to protect him from the assault.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims

1

against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Tolbert's Complaint fails to meet these requirements. Although his statement of claim is short, it unfortunately does not include any information as to when the assault occurred or what individual defendants at Pinckneyville were aware of the threat and failed to protect him.

Tolbert names only Pinckneyville Correctional Center as a defendant, but the correctional center is not a proper party. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Pinckneyville cannot be sued because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, Pinckneyville is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

To state a Section 1983 claim against an individual or entity, Tolbert must specifically identify individual defendants, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Thus, if Tolbert wants to pursue his claims, he must file an Amended Complaint. The Amended Complaint should identify who violated Tolbert's

constitutional rights by name, should include a description of how his rights were violated, and when that violation took place.

Accordingly, Tolbert's Complaint is **DISMISSED without prejudice** for failure to state a claim. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 8, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Tolbert must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Tolbert is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Tolbert is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/11/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**